Based on the particular facts of this case, I agree that the seizure of the plastic box from Warren's pants pocket was unconstitutional. However, I disagree with the main opinion's apparent rationale that the seizure of all such hard containers is unconstitutional because their contents cannot be apparent until the officer seizes and opens them.
In Minnesota v. Dickerson, 508 U.S. 366 (1993), in analogizing the plain-feel doctrine to the plain-view exception to the warrant requirement, the Supreme Court of the United States made probable cause the touchstone for the warrantless seizure of an object felt during an authorized patdown. Minnesota v. Dickerson,508 U.S. 366, 375 (1993). Probable cause is determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 229 (1983). The assessment of probable cause turns on the weighing of probabilities in particular factual contexts, and it requires that the collected evidence "be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Id. at 231 (citing United States v.Cortez, 449 U.S. 411, 418 (1981)); accord Allen v. State,689 So.2d 212, 216 (Ala.Crim.App. 1995) ("The facts giving rise to probable cause must be viewed in light of the officer's own experience and training."). The evidence in this case does not establish that Detective Wilson had probable cause to believe that the plastic box in Warren's pocket contained narcotics; thus, the warrantless seizure was not justified.
However, by making probable cause the focus of the plain-feel doctrine, Dickerson clearly contemplates situations in which an investigating officer would have probable cause to believe that a hard object contains illegal contraband. For example, in People v.Champion, 452 Mich. 92, 549 N.W.2d 849 (1996), cert. denied,519 U.S. 1081, 117 S.Ct. 747 (1997), a case cited in both the majority opinion and Chief Justice Hooper's dissent, the Michigan Supreme Court held that an officer was justified in seizing a pill bottle that he felt in the defendant's groin area during a Terry
frisk. The court concluded that, based on the totality of the circumstances, the officer had probable cause to believe the pill bottle contained contraband: the defendant got out of his car and walked away upon seeing the patrol car and uniformed officers, the defendant was known to have previous drug and weapons convictions, the officers were in a *Page 97 
high drug crime area, the defendant tucked his hands in the front of his sweatpants while walking away from the officers and refused to remove them after being repeatedly asked to do so, and the officer's experience in narcotics investigation made him aware that controlled substances were often carried in the type of pill bottle he felt.452 Mich. at 111, 549 N.W.2d at 859. I agree with the Champion court's conclusion that although feeling a pill bottle, in and of itself, would not give a police officer probable cause to seize the object, the totality of the circumstances present in the Champion case provided probable cause.
A per se rule like the one announced in the main opinion today will serve only to encourage the packaging and transporting of illicit drugs in hard containers, because the contents of such containers can never be "immediately apparent." I would hold only that, under the totality of the circumstances of this case, Detective Wilson, upon feeling the Tic-Tac box in Warren's pocket, did not have probable cause to believe that that particular hard box contained illicit narcotics; therefore, Detective Wilson's seizure of that item was unconstitutional.